Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
300 South First Street, Suite 342
San Jose, California 95113
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail:   tanya@moorelawfirm.com
          service@moorelawfirm.com

Attorney for Plaintiff,
Andres Gomez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE CURIOUS PALATE;<br><br>    Defendant. | Case No. 2:21-cv-05698-JAK-GJS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR COURT TO FIX ATTORNEY'S FEES (L.R. 55-3)**<br><br>Complaint Filed: June 21, 2021<br>Trial Date: None set<br><br>Date:  December 13, 2021<br>Time: 8:30 a.m.<br>Courtroom: 10B (First St. Courthouse)<br>Honorable John A. Kronstadt |

## I. Introduction

This is a civil rights action filed by Plaintiff, Andres Gomez, on July 14, 2021 under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101, *et seq.*) ("ADA") and related California statutes, after having encountered a number of barriers to his access when attempting to use a website, https://thecuriouspalate.com (last accessed November 8, 2021) ("the Website") to obtain services offered by the restaurant The Curious Palate ("the Restaurant"). Specifically, Plaintiff is visually impaired and legally blind, and must use screen reader software to access websites. Plaintiff alleges that the Website is inaccessible to visually impaired users of screen reader software, denying him and other similarly situated individuals full and equal access to the facilities, privileges, and advantages offered to customers of the Restaurant.

Plaintiff accordingly brought the action against Defendant, The Curious Palate ("Defendant"), who owns and operates the Restaurant and Website. Plaintiff is seeking injunctive relief, statutory damages, attorneys' fees, litigation expenses, and costs.

A clerk's default was entered against Defendant on August 23, 2021 (Dkt. 12) due to Defendant's failure to respond to the complaint within the time permitted by the Federal Rules of Civil Procedure. Accordingly, Plaintiff is entitled to judgment against Defendant for all relief requested in the complaint as set forth below.

## II. Legal Standard for Default Judgment

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). Allegations pled in the complaint, other than damages, are deemed to be admitted upon the entry of default against the defendant. <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987). However, a plaintiff is required to prove all damages sought in the complaint.

A clerk's default was entered against Defendant in accordance with Federal Rule of Civil Procedure 55(a) on August 23, 2021 (Dkt. 12). The allegations of Plaintiff's verified complaint are therefore deemed admitted and demonstrate that Plaintiff is entitled to relief.

### III. Legal Standard for Prevailing under the ADA

In order to prevail in an action under the ADA, Plaintiff must demonstrate the following:

    a.    Plaintiff is disabled within the meaning of the ADA. 42 U.S.C. § 12182(a).

    b.    Defendant is a private entity that owns, leases, or operates a place of public accommodation governed by Title III of the ADA. 42 U.S.C. § 12182(a).

    c.    Defendant failed to provide auxiliary aids and services to ensure that individuals with disabilities are not excluded from accessing its goods and services, resulting in Plaintiff being denied access to Defendants' public accommodation on account of his disability. 42 U.S.C. § 12182(b)(2)(A)(iii).

Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). As discussed below, Plaintiff's verified complaint (Dkt. 1; "Complaint") establishes each of these elements, entitling him to relief under the ADA.

### A. Plaintiff is disabled

Plaintiff alleges that he is visually impaired and legally blind (Complaint, ¶ 3). Under the ADA, an individual who is substantially limited in his ability to see is disabled. 42 U.S.C. § 12102.

### B. The Restaurant, and by extension, the Website, is a public accommodation owned and operated by Defendant

Plaintiff alleges that the Restaurant is a public accommodation (Complaint, ¶ 9). The ADA expressly identifies a restaurant as a public accommodation. 42

U.S.C. § 12181(7)(B). Defendant is the owner and operator of the Restaurant as well as the Website (Complaint, ¶ 4).

Plaintiff also alleges that the Website "comprises some of the facilities, privileges, and advantages offered by Defendant to patrons of the Restaurant in connection with their patronage at the Restaurant. Among the services offered by the Website include: business hours, location, contact information, menus, reservation scheduling, online ordering, social media links, and delivery service links" (Complaint, ¶ 11). Lack of access to the Website precludes visually impaired individuals, including Plaintiff, from obtaining goods and services offered by the Restaurant's physical location (Complaint, ¶ 21). The Ninth Circuit has found that websites that "facilitate access to the goods and services of a place of public accommodation" − such as a restaurant − are required to be accessible to the visually impaired under the ADA. Robles v. Domino's Pizza, LLC, 913 F.3d 898, 904 (9th Cir. 2019).

### C. Defendant denied Plaintiff access to the Restaurant's goods and services on account of his disability

Plaintiff alleges that he visited the Website on or about April 7, 2021 as a prospective customer wanting to find out information about the Restaurant, such as its menu of food and drinks, and to determine what online food ordering options were available (Complaint, ¶ 12). Plaintiff alleges that he personally encountered design flaws on the Website which rendered it inaccessible to him due to his visual impairment, causing him difficulty and inconvenience when attempting to navigate the Website using his screen reader (Complaint, ¶¶ 13, 15). Plaintiff also alleges that, through subsequent investigation, he is aware of a number of other barriers to his access on the Website (Complaint, ¶ 14).

The Department of Justice's has implemented regulations requiring that places of public accommodation "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with

disabilities." 28 C.F.R. § 36.303(c)(1); see also Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 56 Fed. Reg. 35544 (July 26, 1991) ("public accommodations must take steps necessary to ensure that an individual with a disability will not be excluded, denied services, segregated or otherwise treated differently from other individuals because of the use of inappropriate or ineffective auxiliary aids"). The term "auxiliary aids and services" is defined to include "screen reader software" among "other effective methods of making visually delivered materials available to individuals who are blind or have low vision . . . ." 28 C.F.R. § 36.303(b)(2). By failing to make its Website accessible to screen readers, Defendant has discriminated against the visually impaired.

The ADA's prohibitions against discrimination apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). As owner and operator of the Restaurant and Website, Defendant is liable for failing to make the Website accessible, thereby denying access to the Restaurant's goods and services to Plaintiff and other visually impaired individuals. Plaintiff alleges that, if the Website had been constructed equally accessible to all individuals, he would have been able to navigate the Website without difficulty (Complaint, ¶ 16).

### IV. Eitel Factors

The Ninth Circuit has identified the following factors for consideration by the district court to determine whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v.

McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors weigh in favor of granting default judgment in favor of Plaintiff.

### A. Possibility of prejudice to Plaintiff

Plaintiff's lawsuit seeks injunctive relief requiring Defendant to correct design flaws in the Website so that he and other visually impaired individuals may access the goods and services offered by the Restaurant on the Website. If default judgment is not entered, Plaintiff will be forced to wait to obtain such relief until Defendant appears in the action, which appears unlikely to occur. This factor weighs in favor of default judgment. See, Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014).

### B. Merits of claim and sufficiency of the Complaint

It is appropriate for the Court to evaluate these factors together. Pepsico, Inc. v. California Security Cans., 238 F. Supp. 2d 1172, 1175-76 (C.D. Cal. 2002). As has already been discussed in detail, Plaintiff's verified Complaint establishes the merits of his claims and is sufficient to support default judgment.

### C. Sum of money at stake

The primary goal of Plaintiff's lawsuit is to obtain access to the Website. Plaintiff also seeks a monetary judgment including $4,000 in statutory minimum damages under the Unruh Civil Rights Act in addition to attorney's fees, costs, and litigation expenses under the ADA and Unruh Civil Rights Act (Complaint, ¶¶ 32, 39, 40). Plaintiff seeks only the minimum amount of damages recoverable under the Unruh Civil Rights Act. And, as will be discussed below, the attorney's fees, costs, and litigation expenses he incurred bringing this action to enforce his civil rights were reasonable and necessary, weighing in favor of default judgment.

### D. No dispute of material fact

There is no dispute of material fact, as Defendant has not filed a responsive pleading and has not appeared in the action despite being properly served with the summons and Complaint.

### E.  No evidence of excusable neglect

There is no indication that Defendant's failure to respond to the Complaint was due to excusable neglect. Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) by delivering the summons and Complaint to Defendant's registered agent for service of process (Dkt. 10), and mailing and emailing Plaintiff's request for entry of clerk's default to Defendant's registered agent (Dkt. 11-2). The mailing of Plaintiff's request for entry of clerk's default was never returned (Moore Decl., ¶ 17).

### F.  Policy favoring decisions on the merits

Although a decision on the merits is always favorable, it is impossible in situations such as this where the defendant refuses to respond to the lawsuit. Therefore, this factor does not weigh against default judgment. See PepsiCo, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

## V.  Relief to Which Plaintiff is Entitled

### A.  Injunction requiring Defendant to make the Website accessible to the visually impaired

Plaintiff's Complaint itemizes the barriers that exist on the Website in violation of the ADA which prevented him from enjoying the goods, services, privileges and accommodations offered by the Restaurant, specifically identifying barriers that he personally encountered and which he is entitled to have removed (Complaint, ¶¶ 13, 15). Chapman v. Pier I Imports (U.S.), Inc., 631 F.3d 939, 944 (9th Cir. 2011). Plaintiff also alleges that, through subsequent

1 investigation, he is aware of a number of other barriers to his access on the
2 Website (Complaint, ¶ 14). Having established the elements of his claim for
3 discrimination under the ADA, Plaintiff is entitled to an injunction requiring
4 Defendant to make its Website compatible with screen readers so that it will no
5 longer exclude the visually impaired from obtaining the goods and services
6 offered by the Restaurant through the Website.

## VI. Plaintiff is Entitled to $4,000 in Statutory Damages

A violation of the ADA (which Plaintiff has established) constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Under the Unruh Civil Rights Act, a prevailing plaintiff is entitled to minimum statutory damages of $4,000 for each time that he was discriminated against. Cal. Civ. Code § 52(a). See also, Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination.").

Plaintiff alleges in his Complaint one attempt to access the goods and services of the Restaurant through the Website on April 7, 2021 (Complaint, ¶ 12), and has already established the other elements of his claim for damages, namely that access barriers existed which he encountered.

In order to be awarded damages, however, California Civil Code § 55.56 further requires that a Plaintiff demonstrate that he had knowledge of the barrier(s), and suffered discomfort, difficulty or embarrassment, in order to obtain damages. In his Complaint, paragraphs 13 and 15, Plaintiff alleges the barriers he encountered and that his encounter with those barriers caused him difficulty, discomfort and/or embarrassment, thereby meeting the requirements of § 55.56.

Accordingly, Plaintiff has demonstrated his entitlement to $4,000 in damages for his attempted use of the Website on April 7, 2021, during which he encountered barriers that prevented his full and equal access.

## VII. The ADA and California Law Provide for Reasonable Attorneys' Fees and Costs to a Prevailing Plaintiff

### A. Plaintiff Is Entitled to Recover Attorney's Fees and Costs

The ADA provides for a prevailing Plaintiff to recover his reasonable attorneys' fees and costs. 42 U.S.C. § 12205. California Civil Code § 55 also provides for attorney's fees and costs for obtaining injunctive relief; Section 54.3 provides fees for recovery of damages and to enforce the "full and equal access" guaranteed to disabled persons by Section 54.1. An award of attorneys' fees is therefore appropriate under federal and state law as Plaintiff has established his entitlement both to injunctive relief and damages.

### B. Plaintiff Requests that the Court Fix Attorney's Fees

Plaintiff hereby requests that the Court award reasonable attorney's fees in excess of the limits set forth in Local Rule 55-3. In order to make a determination as to what the "reasonable" attorneys' fees are, the Court first calculates the "lodestar figure" by taking the number of hours reasonably expended on the matter and multiplying it by a reasonable rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1146-48 (9th Cir. 2001); Ketchum v. Moses, 24 Cal. 4th 1122, 1131-32, 104 Cal. Rptr. 2d 377, 384 (2001). In calculating the lodestar amount, the California Supreme Court has "expressly approved the use of prevailing hourly rates as a basis for the lodestar." Id. at 1132. Thus, once the number of hours is set, "the district court must determine a reasonable hourly rate considering the experience, skill and reputation of the attorney requesting fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). The relevant legal community in the lodestar calculation is generally the forum in which the district sits. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008), citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

Plaintiff seeks a rate of $495 per hour for attorney Tanya E. Moore's time, $195 per hour for paralegal Whitney Law, and $175 per hour for paralegal Isaac

1 Medrano. In 2013, this district found a reasonable hourly rate for attorney Tanya
2 Moore of $350 per hour. Cecil Shaw v. Ash Properties, Inc., et al., 5:12-cv-
3 00048-VAP-OP, Dkt. 66, ¶¶ II(A)(1), II(B)(1). This district also approved an
4 hourly rate of $150 for Ms. Law in 2015. Robert Kalani v. MGA Hospitality
5 Group, Inc., 2:14-cv-07775-CAS-SH, Dkt. 17. The rate increases for Ms. Moore
6 and Ms. Law represent a reasonable increase in market rates in the intervening
7 years. Mr. Medrano has over ten years of experience as a litigation paralegal
8 (Decl. of Isaac Medrano, ¶ 2).

9 Unlike a case for monetary damages, the purpose of a civil rights
10 complaint based on violations of the Americans with Disabilities Act is not the
11 recovery of money, but the elimination of discriminatory practices against
12 disabled persons. As such, while the dollar amount at issue may be relatively
13 small (i.e., $4,000), the amount of work which must be done on the part of
14 Plaintiff's counsel is significant and the beneficial effect on the entire community
15 of disabled persons tremendous. "If fees were limited by the amount of damages,
16 no matter how meritorious the clients' claims might be, attorneys simply would
17 not take these cases. This would be contrary to legislative determinations that
18 statutory attorney fees should encourage attorneys to represent disabled persons."
19 Blackwell v. Foley, 724 F. Supp. 2d 1068 (N.D. Cal. 2010). Therefore, Plaintiff's
20 attorney's fees should not be limited by the monetary award of damages under
21 Local Rule 55-3.

### C. Fees and Costs Requested

23 As set forth in her declaration filed herewith and the attached exhibits A
24 and B as required by this Court's Standing Order for Civil Cases, Ms. Moore
25 spent 11.5 hours on this matter prior to and including the preparation of the
26 instant motion, for a total of $5,692.50. Ms. Law has spent 3.9 hours on this
27 matter, for a total of $760.50 (Declaration of Whitney Law, ¶ 4; Moore Decl.
28 Exhs. A and B). Mr. Medrano has spent 2 hours on this matter, for a total of

$350.00 (Declaration of Isaac Medrano, ¶ 4; Moore Decl. Exhs. A and B). Plaintiff therefore seeks a total of $6,803.00 in attorney's fees.

Plaintiff also seeks recovery of his costs and litigation expenses in the amount of $1,380.85, as set forth in the Declaration of Ms. Moore. In Section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow a prevailing party its litigation expenses and costs. 42 U.S.C. § 12205. The costs here include expenses for the court filing fee, costs of service, and fees for an expert's pre-filing investigation of the Website. The statutory provisions of the ADA provide direct authority for the award of expert fees as litigation expenses under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). Therefore, Plaintiff's litigation expenses and costs are compensable and should be awarded.

Plaintiff will seek additional fees incurred as a result of his defense of and appearance on this motion (if an appearance is required) and will request such fees at the time of the motion when the actual time spent can be ascertained.

## VIII. Conclusion

Plaintiff respectfully requests that this Court award Plaintiff damages in the amount of $4,000.00 as authorized by California statute; for attorneys' fees and costs in the amount of $8,183.85, together with additional attorneys' fees incurred as a result of the appearance on this Motion as authorized by statute; and an injunction requiring that Defendant make its Website compatible with screen readers so that it will be accessible to the visually impaired.

Dated: November 8, 2021     MOORE LAW FIRM, P.C.

*/s/ Tanya E. Moore*
Tanya E. Moore,
Attorney for Plaintiff,
Andres Gomez